Toomey, J.
This case arises from a heating oil spill at the home of Dennis and Kathy Girard (“plaintiffs”). Plaintiffs filed a complaint against, inter alia, Red’s of Jaffrey, Inc. (“Red’s”) and George Mizhir (“Mizhir”). Red’s and Mizhir filed a third-party complaint against Empire Fire Insurance Company (“Empire”) alleging that the insurance company was obligated to defend Red’s and Mizhir against plaintiffs’ claims based on a commercial auto insurance policy issued by Empire to Red’s. Red’s, Mizhir, and Empire all filed cross-motions for summary judgment upon the third-party complaint. Based on the oral representations of counsel at the hearing of the cross-motions and on the parties’ written submissions, Red’s motion for summary judgment is ALLOWED, Mizhir’s motion for summary judgment is ALLOWED, and Empire’s motion for summary judgment is DENIED.
BACKGROUND
On or about February 20, 1993, plaintiffs requested an oil delivery of 200 gallons to their home in Winchendon, Massachusetts. The oil delivery truck was owned by Red’s. The driver of the truck, Walter Bourke, was an employee of Red’s. Mizhir, who had taken the order from the Girards for the oil, was riding in the truck. Mizhir had rented the truck from Red’s. At plaintiffs home, Mizhir attached the hose to the fill pipe and filled the tank.
After Mizhir departed, Kathy Girard noticed that oil had spilled from the tank and damaged her property. Plaintiffs filed suit claiming Mizhir had overfilled the tank.
Red’s is covered by a commercial automobile insurance policy issued by Empire. Red’s and Mizhir contend that Empire is responsible for investigating and defending the action filed by plaintiffs against them. Empire has refused to take part in the defense. The cross claim seeks to compel Empire’s involvement. Now before this Court are Red’s, Mizhir’s, and *679 Empire’s motions for summary judgment upon the cross claim.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where, as at bar, both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Empire asserts that an absolute pollution exclusion is expressly contained in the policy and that, therefore, Empire is excused from any obligation to defend Red’s or Mizhir. In response, Red’s and Mizhir assert that an exception to the pollution exclusion exists when the normal mechanical functioning of the covered vehicle or its parts is the occasion of the loss. Red’s and Mizhir claim that the hose used to deliver oil is a “part” of the covered auto and that Mizhir’s delivery of the oil was within the “normal mechanical functioning” of that part of the truck. They conclude, therefore, that the loss occurred in circumstances governed by the exception to the pollution exclusion. This Court is persuaded by the reasoning of Red’s and Mizhir.
The language of the insurance policy with respect to the “normal mechanical functioning” exception provides that:
[this exclusion] does not apply to fuels, lubricants, fluids, exhaust gases or other similar “pollutants” that are needed for or result from the normal electrical, hydraulic, or mechanical functioning of the covered “auto” or its parts, if: (1) the “pollutants” escape, seep, migrate, or are discharged, dispersed, or released directly from an “auto” part designed by its manufacturer to hold, store, receive or dispose of such “pollutants.”
Interpretation of an insurance contract is a question of law for the judge. Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982); Jefferson Insurance Co. of New York v. Holyoke, 23 Mass.App.Ct. 472, 475 (1987). In the course of that interpretation, the judge will be guided by the proposition that, if an insurance contract is ambiguous, “doubts as to the meaning of the words must be resolved against the insurance company and in favor of the insured.” Cody, supra at 146, quoting August A. Busch & Co. of Mass., Inc. v. Liberty Mut. Ins. Co., 339 Mass. 239, 243 (1959).
In order, therefore, for this court to interpret the insurance contract at issue here, it will be necessary to decide whether the contract language, quoted supra, is ambiguous. With respect to such a determination of ambiguity, vel non, Jefferson Insurance Co. of New York, supra, at 474-75 instructs that:
[a]n ambiguity exists in an insurance contract when the language contained therein is susceptible of more than one meaning. It must be shown that reasonably intelligent persons would differ as to which one of two or more meanings is the proper one. However, an ambiguity is not created simply because a controversy exists between parties, each favoring an interpretation contrary to the other’s. (Citations omitted.)
This Court finds that the language in the instant insurance contract regarding the “normal mechanical functioning” of the covered auto or its parts is indeed ambiguous. It is reasonably susceptible of more than one reference, viz, the function of vehicular movement and the distinct function of fuel oil dispensing. Cody and August A. Busch require that such an ambiguity be resolved in favor of Red’s and Mizhir.
Viewed from that perspective, the ambiguous contractual exception to the pollution exclusion must be interpreted as applying to the function of fuel oil dispensing. The hose used to fill the oil tank is, indisputably, a “part” of the covered auto. The hose is an integral aspect of the “normal . . . mechanical functioning” of the covered vehicle. The oil was “digcharged . . . from an ‘auto’ part designed by its manufacturer to hold, store, receive, or dispose of [the oil].”
Therefore, there being no genuine issues of material fact and the exception to the exclusion being applicable as a matter of law, this court holds that Red’s and Mizhir shall prevail upon the cross-motions for summary judgment. Empire has a duty to defend Red’s and Mizhir against the claims asserted by plaintiffs.
ORDER
Based on the foregoing, Empire Fire Insurance Company’s motion for summary judgment is DENIED. Red’s of Jaffrey, Inc.’s motion for summary judgment is ALLOWED. George Mizhir’s motion for summary judgment is ALLOWED.